UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-12152-RGS

GEORGE RODRIQUE II

v.

HEARST COMMUNICATIONS, INC.
and HEARST STATIONS, INC.

MEMORANDUM AND ORDER
ON DEFENDANTS' MOTION TO DISMISS

June 12, 2023

STEARNS, D.J.

Plaintiff George Rodrique II brought this lawsuit against defendants Hearst Communications, Inc., and Hearst Stations, Inc. (collectively, Hearst) for the alleged wrongful termination of his employment. The First Amended Complaint asserts four claims against both defendants: (1) violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) (Count I); (2) violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 (Count II); (3) violation of Mass. Gen. Laws ch. 151B, § 4 (Unlawful Discrimination Act) (Count III); and (4) violation of the Massachusetts Civil Rights Act (MCRA), Mass. Gen. Laws ch. 12, §§ 11H-I (Count IV). Hearst moves to dismiss all counts against Hearst Communications and Count IV

against Hearst Stations pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the court will grant the motion in part and deny it in part.

## BACKGROUND

The facts, drawn from the First Amended Complaint and accompanying documents,[1] and viewed in the light most favorable to plaintiff as the non-moving party, are as follows. Hearst employed Rodrique as a videographer from 2004 through 2015, and again from 2016 until his termination on December 12, 2021. During the entirety of his full-time employment with Hearst,[2] Rodrique was a member of Local Union No. 1228 of the International Brotherhood of Electrical Workers, AFL-CIO (the Union), and his employment relationship was governed by a series of

---

[1] At the motion to dismiss stage, the court may take into consideration "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," in addition to the complaint's allegations. *Schaer v. Brandeis Univ.*, 432 Mass. 474, 477 (2000), quoting 5A Wright & Miller, Federal Practice and Procedure § 1357 at 299 (1990). The court in this instance has considered accompanying exhibits and the Equal Employment Opportunity Commission's (EEOC) judicial file in addition to the First Amended Complaint. Hearst obtained the EEOC's judicial file through a Freedom of Information Act request, and Rodrique does not dispute its authenticity. The court accordingly may consider its contents. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

[2] Rodrique began as a freelance videographer and was promoted to a full-time position in 2006.

collective bargaining agreements (CBAs) between the Union and WCVB, a division of Hearst.

Although not relevant for the purposes of resolving this motion, the court will briefly recite the series of events leading to Rodrique's termination. First, in March of 2020, Hearst initiated an investigation into Rodrique's social media account usage after he referred to COVID-19 as the "Wuhan virus" on his personal Facebook account. First Am. Compl. [Dkt # 16] ¶ 36. Hearst ultimately found that Rodrique had violated company policy, suspended him without pay for ten days, and required him to quit using social media and to participate in a sensitivity training.

Second, beginning in the summer of 2021, Hearst implemented a series of increasingly restrictive COVID-19 policies, culminating in the adoption of a vaccine mandate on September 13, 2021. Rodrique requested a religious exemption from the mandate, which Hearst declined to grant, reasoning that, although Rodrique "identified a sincerely held religious belief that conflicts with the [Hearst] vaccination policy," there were no "reasonable accommodations that would permit [Rodrique] to perform the duties of [his] role and/or not result in undue hardship to the Company." *Id*. ¶ 60.

On November 22, 2021, Rodrique received a letter from a WCVB human resources coordinator offering him separation pay (although only six

3

weeks rather than the thirteen to which he believed he was entitled under the CBA), and other benefits if he signed a separation agreement releasing Hearst of all liability. Rodrique rejected the separation agreement and was terminated by Hearst on December 12, 2021.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Two pertinent principles guide the court's analysis. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. For a claim to be plausible, the pleaded factual content must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. In analyzing the merits, the court looks to the "facts that appear on the face of the complaint, the supporting documentation referenced therein, and matters susceptible to judicial notice." *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 14 (1st Cir. 2003).

## I.     All Claims Against Hearst Communications

To bring an employment discrimination claim in state or federal court, an employee must first file a charge of discrimination before the EEOC or a parallel state agency (here, the Massachusetts Commission Against Discrimination) within 180 days of the alleged discriminatory employment practice. *Aly v. Mohegan Council, Boy Scouts of Am.*, 711 F.3d 34, 41 (1st Cir. 2013). "Failure to exhaust this administrative process 'bars the courthouse door.'" *Id.*, quoting *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir. 2005).

Hearst argues that the court should dismiss Counts I-IV against Hearst Communications because Rodrique fails to allege that he has exhausted the requisite administrative process. Rodrique does not dispute that the First Amended Complaint pleads only that "Rodrique has timely filed a complaint against *Hearst Stations*," First Am. Compl. ¶ 11 (emphasis added), but he suggests that the pleading leaves ambiguous "whether or not Hearst Communications was named in the EEOC complaint,"[3] Pl.'s Opp'n [Dkt #

---

[3] Prior to asserting ambiguity, Rodrique quotes a passage from *Frith v. Whole Foods Mkt., Inc.*, 517 F. Supp. 3d 60 (D. Mass. 2021), addressing waiver. He fails, however, to develop any substantive argument on the issue, so the court will not address the propriety of waiving the administrative exhaustion requirement under the circumstances presented here.

20] at 16-17.  Even assuming that the First Amended Complaint is ambiguous on this point, any ambiguity cannot survive the clear language of the charge of discrimination filed with the EEOC, *see* Ex. C to Whiteley Decl. [Dkt # 18-2], which identifies only Hearst Stations — and *not* Hearst Communications — as a respondent.  The court accordingly grants the motion to dismiss all counts against Hearst Communications pursuant to Rule 12(b)(6).

## II.   Count IV Against Hearst Stations

Count IV arises under the MCRA, which provides a cause of action for any person whose "exercise or enjoyment of rights secured by" the Constitution, federal law, or state law have been interfered with "by threats, intimidation, or coercion."  Mass. Gen. Laws ch. 12, §§ 11H-I; *see also Kelley v. LaForce*, 288 F.3d 1, 10 (1st Cir. 2002).  Rodrique asserts that Hearst Stations interfered with his exercise of his First Amendment rights by threatening to terminate him for expressing his political views.  Hearst moves to dismiss this claim, arguing that the First Amended Complaint fails to sufficiently plead (1) threats, intimidation, or coercion or (2) interference with any recognized protected interest.[4]  The court will address each argument in turn.

---

[4] Hearst states, in a footnote, that plaintiff's interpretation of the MCRA limits Hearst's right to control its editorial voice and is incorrect as a matter of public policy.  It is not clear whether Hearst intends for this to be

As to the first argument, Hearst maintains that, because the only threat, intimidation, or coercion alleged in the First Amended Complaint is the threat of termination, and because the Massachusetts Supreme Judicial Court has established as a matter of law that termination of an at-will employee is not coercive in the relevant sense, Rodrique fails to state a claim. The problem is this: It is not clear from the face of the complaint that Rodrique was an at-will employee. The First Amended Complaint alleges only that Rodrique's employment was governed by a series of CBAs and that those agreements limited the circumstances under which he could be discharged. It is silent as to whether the CBAs similarly limited Hearst's right to terminate its employees. And while the court could reasonably infer from that silence that there are no limitations on Hearst's right in this regard, the court may also reasonably infer the opposite, namely, that Hearst did *not* have free reign to fire employees protected by the terms of a CBA. A dismissal for failure to properly allege "threats, intimidation, or coercion" would at this point be premature.

---

a substantive argument or a passing remark, but assuming the former, the court declines to resolve the merits at this early stage in the proceedings because the issue of whether Rodrique's interpretation is correct has yet to be properly briefed.

7

As to the second argument, Hearst contends that, because case law establishes that an employer does not interfere with the right to free speech when it terminates an at-will employee based on his speech, Rodrique has failed to allege any cognizable interference with a protected interest. But, as noted above, the First Amended Complaint does not establish that Rodrique was an at-will employee. It would thus be inappropriate to dismiss the claim at this stage. The court accordingly denies defendants' Motion to Dismiss Count IV against Hearst Stations.[5]

### ORDER

For the foregoing reasons, the Motion to Dismiss is <u>GRANTED IN PART</u> and <u>DENIED IN PART</u>.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

[5] As a general rule, "[a] direct violation of a person's rights does not by itself involve threats, intimidation, or coercion." *Longval v. Comm'r of Corr.*, 404 Mass. 325, 333 (1989). To be actionable under the MCRA, a defendant's actions must amount to "an attempt to force someone to do something the person is not lawfully required to do." *Freeman v. Planning Bd. of W. Boylston*, 419 Mass. 548, 565 (1995). In their singular focus on Rodrique's terms of employment, neither party develops any substantive argument based on the element of coercive intent, as for example, with respect to Hearst's employee vaccination policy.